UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| JOSEPH ANTHONY LUNEY, ) | |
| ) | |
|     Petitioner, ) | Civil Action No. 6: 13-003-DCR |
| ) | |
| V. ) | |
| ) | |
| FRANCISCO QUINTANA, Warden, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
|     Respondent. ) | |

*** *** *** ***

Joseph Anthony Luney is an inmate confined at the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington").[1] Proceeding *pro se*, Luney has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1] However, a § 2241 petition is not the proper manner of obtaining the relief sought. As a result, the petition will be denied.

**I.**

On December 8, 1999, Luney and his co-defendant were charged with various offenses related to an armed bank robbery. [*See United States v. Joseph Anthony Luney, et al.*, Criminal Action No. 99-108-KSF (E.D. Ky. 1999).] On February 14, 2000, Luney pleaded guilty to Counts 1 and 2 of the Indictment. [*Id.*, at Record No. 32 therein] Count 1 charged Luney and his co-defendant with aiding and abetting each other in the armed bank robbery of the Versailles

---

1    At the time Luney filed this petition, he was incarcerated at the Federal Correctional Institution in Manchester, Kentucky. He was subsequently transferred to FMC-Lexington. Francisco Quintana is the Warden at FMC-Lexington. Quintana, therefore, will be substituted as the Respondent in this proceeding.

Branch of the Kentucky Bank in violation of 18 U.S.C. § 2 and 18 U.S.C. § 2113(a) and (d); Count 2 charged both defendants with aiding and abetting each other in using, carrying, and brandishing a semiautomatic assault weapon during and in relation to the robbery in violation of 18 U.S.C. § 2 and 18 U.S.C. § 924(c)(1).[2]  [*Id.*, at Record No. 1 therein]  At a sentencing hearing held on May 12, 2000, Luney received a 33-month sentence of imprisonment on Count 1 and a consecutive 120-month sentence of imprisonment on Count 2, to be followed by five-year, concurrent terms of supervised release on both counts.  Luney did not appeal his conviction or sentence.

On April 23, 2001, Luney moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  [*Id.*, at Record No. 50 therein]  Luney asserted two claims in this motion: (1) that he was incorrectly sentenced to ten years imprisonment on Count 2 for a violation that was not charged in the indictment, and (2) that he received ineffective assistance of counsel due to counsel's failure to file a notice of appeal after Luney requested that he appeal.  The trial court found no merit to Luney's claims.  In addition to denying Luney's § 2255 motion, the Court also concluded that a certificate of appealability should not be issued.  [*Id.*, at Record Nos. 78, 90, 100 therein]  On January 8, 2013, Luney filed his petition for habeas relief under § 2241.  [Record No. 1]  Additionally, he submitted a supplemental memorandum in support of the petition on July 12, 2013.  [Record No. 5]

---

[2]    The Court dismissed Counts 3, 4, 5, and 6 against Luney pursuant to the government's motion.  [*Id.*, at Record No. 45 therein]

## II.

The Court conducts an initial review of habeas petitions. 28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). It must deny a petition "if it plainly appears from the [filing] and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Luney's petition, as supplemented, under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Luney's factual allegations as true, and construes all legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Luney claims that the Court erred by applying the ten-year mandatory minimum for the possession of a semiautomatic assault weapon under 18 U.S.C. § 924(c)(B)(i). [Record No. 1, p. 6] He alleges that his ten-year sentence on Count 2 is constitutionally defective "because he was neither charged with, nor convicted of, the aggravated form of" the statute.[3] [*Id.*] Luney asserts that he is entitled to be resentenced to a term of incarceration of no more than five years on Count 2. In support, Luney relies on two recent decisions of the United States Supreme Court: *O'Brien v. United States*, 130 S. Ct. 2169 (2010), which held that the type of firearm used in an offense under § 924(c) "is an element to be proved to the jury beyond a reasonable doubt

---

3   The Court notes that Count 2 of the Indictment specifically charges that Luney used, carried, and brandished a firearm in committing the bank robbery offense, "to wit, an Armalite, AR-10, .762 mm semiautomatic assault weapon." [Criminal Action No. 5: 99-108-KSF, Record No. 1, p. 3] As conceded by Luney, "'[t]o wit is an expression of limitation which . . . makes what follows an essential part of the charged offense.'" [Record No. 1, p. 11 n.1 (quoting *United States v. Willoughby*, 27 F.3d 263 (7th Cir. 1994))] However, he contends that he did not "knowingly ple[a]d guilty to using a semiautomatic assault weapon." [Record No. 5, p. 11]

or a sentencing factor to be proved to the judge at sentencing," *id.* at 2172; and *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which explained that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2155. Luney argues that, based on the holdings in *O'Brien* and *Alleyne*, his sentence constitutes a due process violation.

However, § 2241 is not the proper mechanism for making this claim. As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence, *i.e.*, the BOP's calculation of sentence credits or other issues affecting the length of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The United States Court of Appeals for the Sixth Circuit has explained the difference between the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted). Therefore, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241.

The "savings clause" in § 2255(e) provides a narrow exception to this rule. Under this provision, a prisoner is permitted to challenge the legality of his conviction through a § 2241 petition if his remedy under § 2255 "is inadequate or ineffective" to test the legality of his

or a sentencing factor to be proved to the judge at sentencing," *id.* at 2172; and *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which explained that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2155. Luney argues that, based on the holdings in *O'Brien* and *Alleyne*, his sentence constitutes a due process violation.

However, § 2241 is not the proper mechanism for making this claim. As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence, *i.e.*, the BOP's calculation of sentence credits or other issues affecting the length of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The United States Court of Appeals for the Sixth Circuit has explained the difference between the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted). Therefore, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241.

The "savings clause" in § 2255(e) provides a narrow exception to this rule. Under this provision, a prisoner is permitted to challenge the legality of his conviction through a § 2241 petition if his remedy under § 2255 "is inadequate or ineffective" to test the legality of his

detention. 28 U.S.C. § 2255(e). This exception does not apply a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but is denied relief. *Charles*, 180 F.3d at 756. A prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). However, a defendant may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

Luney argues that his previous § 2255 motion was inadequate or ineffective because *O'Brien* and *Alleyne* (both of which were decided after that motion was denied), established a "constitutional right to have all elements of the offense charged in the indictment and proven beyond a reasonable doubt to the jury." [Record No. 5, p. 2] However, there is no indication in either *O'Brien* or *Alleyne* that the Supreme Court made those holdings retroactive to cases on collateral review. Moreover, Luney does not claim that he is actually innocent of the underlying firearms offense to which he pleaded guilty. In other words, he has not alleged that he "stands convicted of 'an act that the law does not make criminal.'" *Carter v. Coakley*, No. 4:13 CV 1270, 2013 WL 3365139, at *3 (N.D. Ohio July 3, 2013) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). The savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their *convictions*, not their sentences. *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012) ("Claims alleging 'actual innocence' of a sentencing

enhancement cannot be raised under § 2241."); *see also Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012). Because Luney has failed to demonstrate that he is entitled to proceed under § 2241, the Court will dismiss his petition.

### III.

For the reasons discussed above, it is hereby

**ORDERED** as follows:

1. The Clerk of the Court shall substitute Francisco Quintana, Warden of FMC-Lexington, as the Respondent in this proceeding.

2. Petitioner Joseph Anthony Luney's 28 U.S.C. § 2241 petition for a writ of habeas corpus [Record No. 1], as supplemented [Record No. 5], is **DENIED**.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Respondent.

This 18th day of July, 2013.



Signed By:
*Danny C. Reeves* DCR
United States District Judge

